**Sharif KHAN, Petitioner,**

v.

**Alberto R. GONZALES,[1] as Attorney General of the United States, Edward McElroy, as interim Director of the New York City Office of the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security, United States Department of Justice, Respondents.**

No. 03–4558–AG.

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

Timothy M. Burgess, United States Attorney for the District of Alaska, Daniel R. Cooper, Jr., Assistant United States Attorney, Anchorage, Alaska, for Respondent.

Lawrence Spivak, New York, New York, for Petitioner.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Sharif Khan petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews the IJ's decision. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

Here, the IJ's adverse credibility determination is substantially supported by the record as a whole in that (1) Khan's hearing testimony regarding the date he joined the Jatiya party and the date he was arrested conflicted with his written application for asylum and (2) Khan's testimony with respect to the number of Jatiya branch secretaries in his region, the number of Jatiya party members with whom he was arrested, and whether the police broke his teeth when they beat him in detention was inconsistent with statements he made during his asylum interview. Because the IJ correctly determined that Chen was not credible and therefore did not meet his burden of proof for asylum, it necessarily follows that denial of withhold-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

ing of removal was proper. Additionally, because the record supports the IJ's determination that Khan failed to testify credibly with respect to the specific facts upon which his asylum, withholding of removal, and CAT claims were based, denial of CAT relief was proper. *See Xue Hong Yang v. DOJ*, 426 F.3d 520, 523 (2d Cir.2005) (upholding denial of CAT relief based on adverse credibility determination with respect to specific fact upon which CAT claim premised).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED